UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TONY ORLANDO ARMSTRONG, | ) | |
| Petitioner, | ) | Civil Action No. 08-306-ART |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| D.L. STINE, | ) | **& ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Tony Orlando Armstrong is a prisoner in the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. He has submitted a *pro se* Petition for Writ of Habeas Corpus, R. 2, pursuant to 28 U.S.C. § 2241 in which he claims that the fine which he was ordered to pay in the trial court is illegal because it is excessive and beyond the maximum set by statute. Armstrong has paid the District Court filing fee of $5.00, R. 6, and his petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 51 Fed. App'x 517, 518–19 (6th Cir. 2002).

Because Armstrong is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina* v. *Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines

that the Petition fails to establish adequate grounds for relief, *Hilton* v. *Braunskill*, 481 U.S. 770, 775 (1987).

## BACKGROUND

Petitioner's allegations and attached memorandum are brief. He states that he pled guilty to the criminal offense of bank robbery in violation of 18 U.S.C. § 2113(a) in the United States District Court for the Western District of Missouri on May 31, 1989. He states that he was sentenced to 51 months imprisonment,[1] to be followed by 5 years on supervised release, and he was ordered to pay a fine of $7,500.00. He purportedly has been paying the fine–presumably according to a schedule–while incarcerated.

Armstrong's challenge is that the maximum fine allowable under 18 U.S.C. § 2113(a) is $5,000, and therefore, the fine imposed on him is excessive and illegal. Petitioner claims that he brought the matter to the trial court's attention via a 18 U.S.C. § 3572 Motion, but that court denied relief on February 13, 2007, refusing to "correct petitioners fine to the correct amount of $5,000.00 maximum." The Court of Appeals purportedly also declined to lower the fine.

Petitioner states further that he did not bring any 28 U.S.C. § 2255 motion to the trial court on any issue. Additionally, he cannot do so now, because the one-year statute of limitations for filing such a Motion has expired. Accordingly, he has concluded that his remedy under Section 2255 is inadequate and/or ineffective. He has, therefore, filed this Section 2241 action asking that the amount of his fine be reduced by this Court.

---

[1] However, based on *United States v. Armstrong*, No. 97-1575, 1997 U.S. App. Lexis 23899, (8th Cir. Sept. 11, 1997) (reported in table form at 124 F.3d 208), it appears that his computation of his sentence may be incorrect. *See id.* at *1–2 (affirming the Missouri trial court's judgment of 188 months imprisonment for the robbery and also 60 months for Armstrong's conviction on the use of a firearm in commission of a violent felony, in violation of 18 U.S.C. § 924(c), the sentences to run consecutively, as Section 924(c) requires).

## DISCUSSION

Petitioner argues the merits of his case, but he has failed to point to any authority for this Court to use its jurisdiction under 28 U.S.C. § 2241 to reduce a sentence imposed by another court. The general rule is that 28 U.S.C. § 2241 provides an avenue for prisoners to challenge official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *See United States* v. *Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1999) ("As stated in *Hutchings*, an attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition." (citing *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987))). Different statutory provisions—28 U.S.C. § 2254 for state prisoners or § 2255 for federal prisoners—allow prisoners to challenge the conviction and/or imposition of sentence. *See id.* (discussing the fact that Section 2255 can be used to attack the fact of conviction but not the execution of the sentence); *Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir. 1979) ("The remedy provided under 28 U.S.C. § 2255 is designed to permit a prisoner to attack alleged impropriety in the sentence as imposed upon him."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (explaining that a Section 2255 action should have been brought to attack a conviction and the sentence imposed).

Accordingly, a federal prisoner, such as Armstrong, must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi* v. *Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). But because of the statute's one-year statute of limitations, a Section 2255 motion is no longer available to Armstrong. Section 2255 also provides an option for bringing the claim to the Court where the prisoner is confined, as Armstrong has done herein. Commonly called the "savings clause," a

portion of Section 2255 permits a prisoner to seek habeas corpus relief under Section 2241, if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *see Capaldi*, 135 F.3d at 1123. Since Armstrong has used this language, he is apparently invoking Section 2255(e).

Case law interpreting the savings clause has clarified that Section 2255 is not rendered an "inadequate and ineffective" remedy if the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction or sentence under pre-existing law. *See Charles v. Chandler*, 180 F.3d 753, 756–58 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Moreover, in *Charles*, the Sixth Circuit specifically held that a Court with Section 2241 jurisdiction may not hear a prisoner's challenge to his conviction simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756. Nor does a time bar make a Section 2255 motion inadequate or ineffective. *Id.* The burden is on a petitioner to show that his Section 2255 remedy is inadequate or ineffective, *id.*, and Armstrong has failed to do so here.

Armstrong also cannot avail himself of the savings clause because in addition to presenting circumstances which render Section 2255 inadequate or ineffective in order to challenge a conviction or sentence obtained in another District Court, the prisoner seeking to use Section 2241 must also have a claim of "actual innocence." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). The Sixth Circuit in *Martin* explained that an actual innocence claim arises when a petitioner was convicted under a criminal statute whose terms were thereafter interpreted by the United States Supreme Court in such a way that there is a risk that the Petitioner was convicted of conduct that the law does not make illegal. *Id.* at 804–05. Hence, the Section 2241

4

Petitioner may be rendered "actually innocent" of the crime of which he was convicted.

The savings clause of Section 2255 permits a court in the district of the prisoner's confinement to use its Section 2241 jurisdiction to address a trial court issue, but such use is conditioned upon a demonstration of the inadequacy and ineffectiveness of his remedy under Section 2255 and also upon his presenting a claim of actual innocence. Armstrong offers no reason for why or how his Section 2255 remedy was inadequate or ineffective from 1989 to 1996, when the one-year statute of limitations took effect. He appealed but did not raise the issue of the amount of the fine in his appeal, and he offers no excuse for not bringing a Section 2255 Motion before the statute of limitations period expired. He has, in short, had multiple opportunities to challenge the amount of his fine, but he did not raise this challenge in a timely manner. As such, it is not necessary to reach the issue of Armstrong's actual innocence, but the Court notes that Armstrong has not claimed that he is actually innocent of bank robbery.

Since Petitioner has failed to meet the two conditions required for this Court to use its 28 U.S.C. § 2241 jurisdiction to entertain a challenge to the fine imposed in the Judgment of the federal court in the Western District of Missouri, his Petition will be dismissed without reaching the merits of his claim.[2] *C.f. Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).

Accordingly, it is **ORDERED** as follows:

(1) Tony Orlando Armstrong's Petition for Writ of Habeas Corpus is **DENIED**.

(2) This action is **DISMISSED,** *sua sponte*, from the Court's active docket.

(3) Judgment shall be **ENTERED** contemporaneously with this Memorandum

---

[2] Although the Court does not reach the merits of Armstrong's claim for the reasons stated above, Petitioner is advised that 18 U.S.C. § 2113(a) contains no limitation on the amount of a permissible fine. A previous $5,000 limitation was deleted in the 1994 amendments to the statute. Pub. L. 103-322, §§ 330016(1)(K).

Opinion and Order in favor of the Respondent.

This the 20th day of January, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge